# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 2:16-CR-12-7 |
| CALVIN LEWIS, | |
| Defendant. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the psychological report of Dr. Allyson N. Wood and Dr. Geoffrey Grimm regarding Defendant Calvin Lewis' abilities to understand the nature and consequence of the proceedings against him and to properly assist in his defense ("the Psychological Report"). (Doc. 550.) Based on the entire record in this case, including the Psychological Report, Defendant Calvin Lewis is presently capable of understanding the charges against him and meaningfully consulting with his attorney about his defense. Therefore, I **RECOMMEND** that the Court find that Defendant Lewis is competent to stand trial and proceed with this case.

## BACKGROUND

The United States charges Defendant Lewis with conspiracy to possess with intent to distribute controlled substances, conspiracy to use, carry, or possess firearms in furtherance of and during and in relation to a drug trafficking crime, and four counts of possession of cocaine base ("crack") with intent to distribute. (Doc. 3.) Counsel for the Government notified the Court

that it reached a plea agreement with Defendant. (Doc. 224.) Accordingly, on August 1, 2016, Defendant appeared before Chief Judge Lisa Godbey Wood for a Rule 11 hearing. (Doc. 341.)

At the plea hearing, Defendant testified under oath that he has been treated at Gateway Behavioral Health Services and that, at one time, he was a resident at Gateway. He stated that he cannot remember his diagnosed condition but that he sometimes hears voices. He further testified that he receives Social Security disability benefits for mental disability. Based on these statements, Chief Judge Wood declined to accept Defendant's plea agreement at that time. Further, Chief Judge Wood ordered that Defendant be committed to the custody of the Bureau of Prisons to undergo a competency examination. (Doc. 421.)

In accordance with Chief Judge Wood's Order, Dr. Allyson N. Wood, a licensed forensic psychologist, evaluated Defendant at the Federal Detention Center in Lexington, Kentucky. (Doc. 550.) Dr. Wood employed a number of evaluation procedures to assess Defendant's competency and reviewed Defendant's past mental health records. Id. Dr. Wood then prepared an extensive report of her findings as to Defendant which was reviewed by Dr. Geoffrey Grimm, the Chief Psychologist. Id. The Psychological Report concluded that Defendant presented "malingering psychological symptoms." (Id. at p. 10.) Dr. Wood explained, "The essential feature of malingering is the intentional production of false or highly exaggerated physical or psychological symptoms, motivated by external incentives." Id.

Dr. Wood concluded, "based on the available information, in the opinion of the undersigned examiner, Mr. Lewis is not currently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense. Thus, in the

opinion of the examiner, Mr. Lewis is currently competent to stand trial." (Id. at p. 12.) Additionally, Dr. Wood opined "that at the time of the commission of the acts constituting the alleged offenses, Mr. Lewis was not suffering from a mental disease or defect such that he was unable to appreciate the nature and quality, or the wrongfulness, of these actions." (Doc. 550-1, p. 4.)

Following the Psychological Report, counsel for the Defendant notified the Court that Defendant does not dispute Dr. Wood's conclusions regarding his competency and sanity. (Doc. 570.)

## DISCUSSION

"Unquestionably, due process requires a defendant to be competent to stand trial." United States v. Andrews, 469 F.3d 1113, 1117 (7th Cir. 2006) (quoting United States v. Collins, 949 F.3d 921, 924 (7th Cir. 1991)); see also Cooper v. Oklahoma, 517 U.S. 348, 354(1996) (The Supreme Court has "repeatedly and consistently recognized that the criminal trial of an incompetent defendant violates due process.") (internal quotation and citation omitted); Eddmonds v. Peters, 93 F.3d 1307, 1314 (7th Cir. 1996) ("The Constitution forbids trial of one who, for whatever reason, is unfit to assist in his own defense because our adversarial system of justice depends on vigorous defenses.").

Incompetency means "suffering from a mental disease or defect rendering [the defendant] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Defendant is not entitled to a presumption of incompetency, and he assumes the burden of proof to establish his incompetency by a preponderance of the evidence. Cooper, 517 U.S. at 355;

Battle v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005).  The legal test for competency is "whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'"  Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402 (1960)); see also United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986).

"[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995).  Thus, "the mere presence of a mental disease or defect is not sufficient to render a defendant incompetent . . . ."  United States v. Rothman, No. 08–20895–CR, 2010 WL 3259927, at *7 (S.D. Fla. Aug. 18, 2010) (citing United States v. Liberatore, 856 F. Supp. 358, 360 (N.D. Ohio 1994)).  "Incompetency to stand trial is not defined in terms of mental illness.  As such, a defendant can be competent to stand trial despite being mentally ill and similarly a defendant can be found incompetent to stand trial without being mentally ill."  United States v. Williams, No. 5:06–cr–36–OC–10GRJ, 2007 WL 1655371, at *5 (M.D. Fla. June 7, 2007) (internal citation and quotation marks omitted).

After an extensive evaluation, Dr. Wood and Dr. Grimm have determined that Defendant Calvin Lewis meets the legal standard to proceed with this case and stand trial.  These psychologists reached this conclusion after conducting numerous tests, observing Defendant Lewis, speaking with Lewis extensively, and reviewing his medical records.  There is no credible evidence in the record that contradicts this finding.  Indeed, neither Defendant Lewis nor the Government has questioned Defendant's competency.  Rather, the Court ordered a competency

evaluation *sua sponte* based on Defendant Lewis' statements at the Rule 11 Hearing. However, Dr. Wood took such self-reported symptoms into account when assessing Defendant's competency. Moreover, the Court discounts Defendant's self-reported symptoms based on Dr. Wood's opinion that Defendant was likely malingering. Further, Defendant Lewis now agrees with the examiner's opinion.

The Court should determine that Defendant Lewis is competent without holding a competency hearing. 18 U.S.C. § 4241(a) provides that the Court shall hold a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Some defendants have argued that, if a Court orders a competency evaluation pursuant to 18 U.S.C. § 4241(b), a competency hearing is mandatory. However, a court need not hold a competency hearing if no reasonable question of competency exists after a psychological evaluation. See United States v. Kerr, 752 F.3d 206, 216 (2d Cir. 2014) (after receiving results of court-ordered psychological evaluation, trial court was "well within its discretion" to not conduct hearing on defendant's competency before accepting defendant's plea of guilty); United States v. Gillette, 738 F.3d 63, 77 (3d Cir. 2013) (rejecting defendant's argument that Section 4241 always contemplates that a competency hearing be held where a court has ordered a psychological evaluation). In this case, in light of the entire record, the Psychological Report, and the representations of counsel, no reasonable cause exists to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent. Thus, the Court need not hold a competency hearing.

**CONCLUSION**

As Defendant Calvin Lewis is presently capable of understanding the charges against him and capable of meaningfully consulting with his attorney about his defense, I **RECOMMEND** that the Court find that Defendant Lewis is competent to stand trial and proceed with this case.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED and REPORTED** and **RECOMMENDED**, this 18th day of January, 2017.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA